Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594

*Attorneys for the Holley, Boynton, Seale,* and *Frink Plaintiffs*

Debra E. Pole (SBN 097816)
dpole@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600

*Attorneys for Defendant Gilead Sciences, Inc.*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al.,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>GILEAD SCIENCES, INC.,<br><br>    *Defendant.* | Case No. 4:18-cv-06972-JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS AND RESPONSIVE PLEADINGS** |
| BRIAN BOYNTON, et al.,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>GILEAD SCIENCES, INC.,<br><br>    *Defendant.* | Case No. 4:22-cv-00686-JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS AND RESPONSIVE PLEADINGS** |
| AARON K. SEALE, et al.,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>GILEAD SCIENCES, INC.,<br><br>    *Defendant.* | Case No. 4:22-cv-01032-JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS AND RESPONSIVE PLEADINGS** |

| | |
|---|---|
| CARL ANTHONY FRINK, et al.,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>GILEAD SCIENCES, INC.,<br><br>    *Defendant.* | Case No. 4:22-cv-01232-JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS AND RESPONSIVE PLEADINGS** |

**JOINT STIPULATION**

Pursuant to Northern District of California Civil Local Rule 7-12, Plaintiffs in the above-captioned actions and Defendant Gilead Sciences, Inc. ("Gilead") (collectively, the "Parties"), by and through their respective undersigned counsel of record, submit the following Stipulation and Proposed Order:

WHEREAS, on February 27, 2019, Gilead filed its motion to dismiss in the actions entitled *Holley et al. v. Gilead Sciences, Inc.*, No. 4:18-cv-06972-JST ("*Holley*"), and *Dowdy et al. v. Gilead Sciences, Inc.*, No. 4:19-cv-00481-JST ("*Dowdy*") (ECF No. 45);

WHEREAS, on May 10, 2019, the Court granted in part and denied in part Gilead's motion to dismiss in *Holley* and *Dowdy* (ECF No. 75) ("May 10 Order");

WHEREAS, the Court's May 10 Order stated that: "Plaintiffs' opposition makes clear that they are not pursuing claims that Gilead should have pursued a different drug composition after approval." (ECF No. 75 at 13 n.6);

WHEREAS, on May 10, 2019, 127 additional plaintiffs filed suit against Gilead in the action entitled *Lyons et al. v. Gilead Sciences, Inc.*, No. 4:19-cv-02538-JST ("*Lyons*");

WHEREAS, on May 31, 2019, Plaintiffs filed a First Amended Consolidated Complaint for Damages (ECF No. 84) ("FAC"), including the claims of all plaintiffs from the *Holley*, *Dowdy*, and *Lyons* actions, under *Holley* as the lead case;

WHEREAS, on July 10, 2019, Gilead filed a motion to dismiss Plaintiffs' FAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 91), and a motion to dismiss Plaintiffs' FAC under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) (ECF No. 92);

WHEREAS, on October 16, 2019, the Court granted in part and denied in part Gilead's motions to dismiss Plaintiffs' FAC (ECF No. 123) ("October 16 Order");

WHEREAS, the Court's October 16 Order: (1) severed and dismissed the claims of 16 California plaintiffs in order to perfect diversity jurisdiction; (2) dismissed "without leave to amend, but without prejudice to any future motion to amend on a showing of good cause," plaintiffs' fraud and consumer protection claims "to the extent they rely on allegations of affirmative

misrepresentations rather than omissions"; and (3) dismissed without leave to amend, but without prejudice to any future motion to amend on a showing of good cause, "[p]laintiffs' post-approval, post-July 2012 failure-to-warn claims." (ECF No. 123 at 12);

WHEREAS, Gilead answered the *Holley* FAC on December 13, 2019 (ECF No. 142);

WHEREAS, on January 13, 2022, 15 additional plaintiffs filed suit against Gilead in the action entitled *Boynton et al. v. Gilead Sciences, Inc.* ("*Boynton*");

WHEREAS, on January 31, 2022, the *Boynton* action was transferred to this District from the District of South Carolina, *see Boynton et al. v. Gilead Sciences, Inc.*, No. 4:22-cv-00686-JST;

WHEREAS, on January 13, 2022, 84 additional plaintiffs filed suit against Gilead in the action entitled *Seale et al. v. Gilead Sciences, Inc.* ("*Seale*");

WHEREAS, on February 1, 2022, the *Seale* action was transferred to this District from the Southern District of New York, *see Seale et al. v. Gilead Sciences, Inc.*, No. 4:22-cv-01032-JST;

WHEREAS, on January 14, 2022, 27 additional plaintiffs filed suit against Gilead in the action entitled *Frink et al. v. Gilead Sciences, Inc.* ("*Frink*");

WHEREAS, on February 25, 2022, the *Frink* action was transferred to this District from the District of Maryland, *see Frink et al. v. Gilead Sciences, Inc.*, No. 4:22-cv-01232-JST;

WHEREAS, on March 1, 2022, the Court found that the *Boynton, Seale,* and *Frink* actions are related to the *Holley* action (ECF No. 899);

WHEREAS, on March 7, 2022, the Court consolidated the *Boynton, Seale,* and *Frink* actions with the *Holley* action for pretrial purposes (ECF No. 902);

WHEREAS, the Parties agree that, for purposes of appeal, or for any other purposes, the briefs and supporting papers, together with the oral argument, regarding Gilead's above-described motions to dismiss and the Court's orders on those motions shall be treated as having been filed and entered in the *Boynton, Seale,* and *Frink* actions;

WHEREAS, the *Boynton, Seale,* and *Frink* plaintiffs agree they are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications;

WHEREAS, by stipulating to the foregoing, the *Boynton, Seale,* and *Frink* plaintiffs do not

1  intend to limit, in any way, their claims that Gilead should have changed the design of its TDF
2  medications before FDA approval;
3      WHEREAS, the *Boynton, Seale,* and *Frink* Plaintiffs agree, without prejudice to any future
4  motion to amend on a showing of good cause, to the dismissal of their (1) fraud and consumer
5  protection claims to the extent they rely on allegations of affirmative misrepresentations and (2)
6  post-approval, post-July 2012 failure-to-warn claims (ECF No. 123 at 12) if any;
7      WHEREAS, by stipulating to the foregoing, the Parties do not intend to waive any right to
8  discovery or to appeal from the decisions of the Court discussed herein;
9      WHEREAS, the Parties wish to avoid further unnecessary motion practice on the pleadings
10 at this time, and to avoid the burdens of requiring similar answers to successive complaints; and
11     WHEREAS, the Parties request that the Court issue an Order staying Gilead's deadline to
12 respond to the *Boynton, Seale,* and *Frink* Complaints, and requiring agreement of the parties or leave
13 of Court for the filing of a motion to dismiss the *Boynton, Seale,* and *Frink* Complaints.
14     THEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, through their
15 respective undersigned counsel of record, and pursuant to Civil Local Rule 7-12, that:

16  1.  The briefs and supporting papers, together with the oral argument, regarding Gilead's
17      motions to dismiss in the *Holley*, *Dowdy*, and *Lyons* actions and the Court's orders on
18      those motions shall be treated as having been filed and entered in the *Boynton, Seale,*
19      and *Frink* actions.
20  2.  Plaintiffs in the *Boynton, Seale,* and *Frink* actions are not asserting claims that Gilead
21      should have changed the design of its FDA-approved TDF medications after the FDA
22      approved the TDF medications.
23  3.  Any fraud and consumer protection claims that rely on allegations of affirmative
24      misrepresentations, rather than omissions, are dismissed from the *Boynton, Seale,* and
25      *Frink* actions without leave to amend, but without prejudice to any future motion to
26      amend on a showing of good cause.
27  4.  Any post-approval, post-July 2012 failure-to-warn claims are dismissed from the
28      *Boynton, Seale,* and *Frink* actions without leave to amend, but without prejudice to

1 | any future motion to amend on a showing of good cause.

2 | 5. Gilead's deadline to respond to the *Boynton, Seale,* and *Frink* Complaints is hereby stayed pending further order of the Court.

6. Except if plaintiffs in the *Boynton, Seale,* and *Frink* actions file an amended complaint, Gilead shall not file a motion to dismiss any claim or complaint in the *Boynton, Seale,* and *Frink* actions without first obtaining either the agreement thereto of the plaintiff(s) in that case or leave of court.

7. Nothing herein is intended to or constitutes a waiver of any Party's discovery or appellate rights.

**STIPULATED AND AGREED TO BY:**

Dated: March 9, 2022                                    HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
Anne F. Johnson (admitted *pro hac vice*)
annej@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594

Shana E. Scarlett (SBN 217895)
shanas@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001

Robert C. Hilliard (admitted *pro hac vice*)
bobh@hmglawfirm.com
Katrina Ashley (admitted *pro hac vice*)
kashley@hmglawfirm.com
HILLIARD MARTINEZ GONZALES LLP
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
Tel: (361) 882-1612
Fax: (361) 882-3015

*Attorneys for the Holley, Boynton, Seale,* and *Frink Plaintiffs*

Dated:  March 9, 2022                                SIDLEY AUSTIN LLP

By:  */s/ Joshua E. Anderson*
Debra E. Pole (SBN 97816)
dpole@sidley.com
Joshua E. Anderson (SBN 211320)
janderson@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel:  (213) 896-6000
Fax:  (213) 896-6600

*Attorneys for Defendant Gilead Sciences, Inc.*

5

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED CASES)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March, 2022 I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

*/s/ Joshua E. Anderson*
Joshua E. Anderson

6

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED CASES)

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Regarding Dismissal of Claims. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

                                                      */s/ Joshua E. Anderson*
                                                      Joshua E. Anderson

7

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED CASES)

**[PROPOSED] ORDER**

Pursuant to the foregoing stipulation of the parties and good cause appearing, it is hereby ORDERED as follows:

1. The above stipulation is GRANTED.

2. The briefs and supporting papers, together with the oral argument, regarding Gilead's motions to dismiss in the *Holley*, *Dowdy*, and *Lyons* actions and the Court's orders on those motions shall be treated as having been filed and entered in the *Boynton, Seale,* and *Frink* actions.

3. Plaintiffs in the *Boynton, Seale,* and *Frink* actions are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications.

4. Any fraud and consumer protection claims that rely on allegations of affirmative misrepresentations, rather than omissions, are dismissed from the *Boynton, Seale,* and *Frink* actions without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

5. Any post-approval, post-July 2012 failure-to-warn claims are dismissed from the *Boynton, Seale,* and *Frink* actions without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

6. Gilead's deadline to respond to the *Boynton, Seale,* and *Frink* Complaints is hereby stayed pending further order of the Court.

7. Except if plaintiffs in the *Boynton, Seale,* and *Frink* actions file an amended complaint, Gilead shall not file a motion to dismiss any claim or complaint in the *Boynton, Seale,* and *Frink* actions without first obtaining either the agreement thereto of the plaintiff(s) in that case or leave of court.

8. Nothing herein is intended to or constitutes a waiver of any Party's discovery or appellate rights.

///

///

8

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED CASES)

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2022

_____
Honorable Jon S. Tigar
United States District Judge

9

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED CASES)